# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN WARE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>　　　　Defendants. | Case No.  1:16-cv-01531-AWI-SAB (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Martin Ware is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's complaint, filed October 11, 2016.  (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff was transferred to Kern Valley State Prison around April 10, 2013.[1] (Compl. 5, ECF No. 1.) About August 18, 2015, Plaintiff submitted a health care services request seeking medical treatment for staphylococcus-aureus (hereafter "staph") symptoms. (Id.) Plaintiff had an open lesion in his mouth that caused him to have pain and difficulty swallowing for the next twenty-four hours. (Id. at 7.) Around August 21, 2015, Plaintiff asked Defendant Manasrah to give him penicillin to treat the infection and his request was denied. (Id.) Plaintiff also requested to be referred to a specialist so that he could receive oral surgery and that request was denied. (Id.) Defendant Manasrah told Plaintiff that since he had the condition for over fifteen years he was to gargle with salt water. (Id.) Plaintiff asked to be provided with salt from the

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

kitchen due to his indigence, but his request was denied. (Id.) Defendant Manasrah scheduled Plaintiff for a follow-up appointment in two weeks. (Id.)

On August 21, 2015, Plaintiff sent a confidential letter to Amber Norris requesting information on prison compliance with treating staph infections. (Id. at 8.) On August 24, 2015, Plaintiff sent a letter to Defendant Bitter summarizing the current medical issue. (Id.) Plaintiff requested that Defendant Bitter review the operational procedures for treating methicillin-resistant staph infections. (Id.) Plaintiff's request was denied. (Id.)

Plaintiff saw Defendant Manasrah for an initial examination on September 4, 2015. (Id. at 7.) Defendant Manasrah told Plaintiff that she could see that his throat was swollen and the lesions had returned, but that his throat was always swollen. (Id.) Defendant Manasrah referred Plaintiff to his regular treating physician. (Id. at 8.)

On September 10, 2015, Defendant Pineda wrote a response to the request Plaintiff had sent to Defendant Bitter stating that the medical staff will continue to make medical assessment of Plaintiff's condition and treatment. (Id.)

Plaintiff filed an inmate appeal and requested that Defendant Sao authorize photographs to be taken of the lesions. (Id. at 9.) The appeal stated that there were several lesions inside the mouth and some kind of bacterial infection that had previously been diagnosed as staph. (Id.) Defendant Sao denied the request stating there were no cameras in the clinical treatment center and that the lesions only needed to be examined. (Id.) Defendant Sao looked in Plaintiff's mouth and told Plaintiff that he was able to see the lesion. (Id.) When asked if he was having pain, Plaintiff told Defendant Sao that he was having difficulty swallowing liquids. (Id.) Defendant Soa took a swab of the lesion and said he would prescribe Plaintiff penicillin and pain relievers for Plaintiff's throat. (Id. at 10.)

On October 14, 2015, Plaintiff sent a letter summarizing the medical issues to Defendant Bitter. (Id.) Plaintiff requested that Defendant Bitter review the inmate appeal addressed by Defendant Sao. (Id.) Plaintiff's request was denied. (Id.)

On October 16, 2015, Plaintiff submitted a request to receive the pain relievers to treat his throat pain. (Id.) On October 18, 2015, Plaintiff submitted a request to receive pain

1 relievers. (Id. at 11.)  On October 21, 2015, Plaintiff submitted a third request to receive pain
2 relievers. (Id.)

3       On October 22, 2015, Defendant Pineda issued a decision addressing Plaintiff's letter to
4 Defendant Bitter informing Plaintiff that issues with his medical care were appropriately
5 addressed through the medical information request process. (Id.)

6       On October 30, 2015, Plaintiff requested medical services for staph symptoms. (Id.)
7 Defendant Lozovoy addressed his first level appeal on November 4, 2015. (Id.)  Plaintiff
8 requested further treatment for the throat infection because it was still active and pain relievers
9 and a referral to a specialist. (Id. at 12.)  Plaintiff's request was denied. (Id.)

10       Plaintiff saw Defendant Lozovoy for a follow up appointment on November 19, 2015.
11 (Id.)  Plaintiff asked Defendant Lozovoy for a continuance of treatment because his throat
12 infection was still active. (Id.)  Plaintiff again asked to be referred to a specialist and for a CT
13 scan or a biopsy of his throat. (Id.)  Plaintiff's request was denied. (Id.)

14       Plaintiff saw Defendant Lozovoy on December 17, 2015 for another follow up. (Id.)
15 Plaintiff asked if more effective treatment could be prescribed. (Id.)  After examining Plaintiff,
16 there was a "deep cryp left/right tonsic piller or oropharyngeal mass" related to staph. (AR 12.)
17 Plaintiff requested that he receive intravenous antibiotics as an inpatient to rid his system of the
18 staph infection, referral for a biopsy, and referral to a specialist to receive oral surgery. (Id.)

19       Plaintiff brings this action against Defendant Bitter, Pfeiffer, Pineda, Manasrah, Sao,
20 Lozovoy, and Brown seeking monetary, damages and injunctive relief.

21       For the reasons discussed below, Plaintiff's complaint fails to state a cognizable claim for
22 relief against any named defendant in this action.  Plaintiff shall be provided with the opportunity
23 to file an amended complaint to correct the deficiencies identified herein.

24 **III.**

25 **DISCUSSION**

26    **A.**    **Deliberate Indifference**

27       A prisoner's claim of inadequate medical care does not constitute cruel and unusual
28 punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

4

1 "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.
2 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate
3 indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure
4 to treat a prisoner's condition could result in further significant injury or the 'unnecessary and
5 wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately
6 indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent
7 manner unless the defendant "knows of and disregards an excessive risk to inmate health or
8 safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal
9 standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v.
10 Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or
11 failure to respond to a prisoner's pain or possible medical need" and the indifference caused
12 harm. Jett, 439 F.3d at 1096.

13 In applying this standard, the Ninth Circuit has held that before it can be said that a
14 prisoner's civil rights have been abridged, "the indifference to his medical needs must be
15 substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
16 cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing
17 Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing
18 or treating a medical condition does not state a valid claim of medical mistreatment under the
19 Eighth Amendment. Medical malpractice does not become a constitutional violation merely
20 because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern,
21 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate
22 indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
23 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not
24 support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

25 Plaintiff's allegations in the complaint fail to give rise to a claim for relief. While
26 Plaintiff alleges that he has a recurring staph infection, there is no showing that any of the named
27 Defendants were deliberately indifferent to Plaintiff's medical needs. Plaintiff does not allege
28 any facts to demonstrate that any defendant was aware that he had a serious medical need and

5

1  failed to respond. Plaintiff was examined each time that he submitted a medical request or
2  appeal. Plaintiff does not allege that he did not receive treatment; and, based on the allegations
3  in the complaint, he has received treatment with antibiotics, laboratory tests, and pain relievers.

4  While Plaintiff seeks additional or different treatment, "[a] difference of opinion between
5  a physician and the prisoner - or between medical professionals - concerning what medical care
6  is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d at 987
7  (citing Sanchez, 891 F.2d at 242); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90
8  F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the
9  doctors chose was medically unacceptable under the circumstances and that the defendants chose
10 this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988
11 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Plaintiff has failed to state a
12 claim for deliberate indifference to his medical needs.

13 **B.  Defendant Liability**

14 Plaintiff brings the claims in this action against the defendants in their individual
15 capacities. (ECF No. 1 at 5.) "The Eleventh Amendment bars suits for money damages in
16 federal court against a state, its agencies, and state officials in their official capacities." Aholelei
17 v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the
18 Eleventh Amendment does not bar suits seeking damages against state officials in their personal
19 capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir.
20 2003). In order to state a claim against the individual defendants, Plaintiff must allege sufficient
21 factual detail to allow the Court to reasonably infer that each named defendant is liable for the
22 misconduct alleged. Iqbal, 556 U.S. at 678-79. In other words, to state claim for relief under
23 section 1983, Plaintiff must link each named defendant with some affirmative act or omission
24 that demonstrates a violation of Plaintiff's federal rights.

25 In his complaint, Plaintiff alleges that Defendant Pfeiffer is the current warden of KVSP
26 and Defendant Brown is the correctional chief executive officer. However, liability may not be
27 imposed on supervisory personnel for the actions or omissions of their subordinates under the
28 theory of respondeat superior. Iqbal, 556 U.S. at 676-77; Ewing v. Stockton, 588 F.3d 1218,

1235 (9th Cir. 2009); Simmons, 609 F.3d at 1020-21; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff's complaint is devoid of any allegations against Defendants Pfeiffer or Brown.

### C. Declaratory Relief

Plaintiff seeks declaratory judgment that his rights were violated by the acts of the defendants. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any Defendant violated Plaintiff's rights is unnecessary and this action shall proceed for monetary damages.

### D. Injunctive Relief

Plaintiff seeks system wide injunctive relief in this action, such as requiring the CDCR to provide CT scans or MRIs to inmates with oral staph infections; purchase more advanced ostescopes with sufficient light to identify common throat illnesses; and for clinics to collect photographic images so the courts can evaluate the evidence. (ECF No. 1 at 14.)

The Prison Litigation Reform Act ("PLRA") places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means

7

necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Under the PLRA Plaintiff cannot receive system-wide relief based on isolated violations that have occurred. Pierce v. County of Orange, 761 F.Supp.2d 915, 947 (C.D. Cal. Jan. 7, 2011). Any relief sought in this action would have to be narrowly drawn to correct the violations alleged in the complaint. Plaintiff cannot seek system wide relief based upon a claim that he received inadequate treatment for his staph infection.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's first amended complaint, filed October 11, 2016, is dismissed for failure to state a claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 4, 2017**

UNITED STATES MAGISTRATE JUDGE