# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN WARE,<br><br>      Plaintiff,<br><br>  v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>      Defendants. | Case No. 1:16-cv-01531-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 13, 15, 16] |

Plaintiff Martin Ware is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 4, 2017, the Court screened and dismissed Plaintiff's complaint filed on October 11, 2016, with leave to file an amended complaint within thirty days from the date of service of the order. Over thirty days have passed and Plaintiff has failed to file an amended complaint in this action. The Court notes that on May 11, 2017, the Court filed a first amended complaint in this action; however, the Court subsequently determined that the complaint was improperly filed in this action as it was an amended complaint to be filed in case number 1:16-cv-01302-DAD-SAB (PC), <u>Ware v. Bitter</u>. On May 16, 2017, the Court disregarded the amended complaint and directed the Clerk of Court to file the complaint in case number 1:16-cv-

1

01302-DAD-SAB (PC), <u>Ware v. Bitter</u>.  Because Plaintiff failed to file an amended complaint in this action or otherwise respond to the Court's April 4, 2017, order, on May 18, 2017, the Court ordered Plaintiff to show cause in writing within thirty days why the action should not be dismissed.  Over thirty days have passed and Plaintiff has failed to respond to the Court's May 18, 2017, order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  <u>Bautista v. Los Angeles Cnty.</u>, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  <u>In re Phenylpropanolamine (PPA) Prod. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  <u>Id.</u> (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to recommendation dismissal of the action for failure to prosecute.  <u>Id.</u>  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  <u>Id.</u>  Further, there is no pleading on file which sets forth any claims upon which relief may be granted.  Accordingly, it is HEREBY RECOMMENDED that the instant action be dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), based on Plaintiff's failure to comply with a court order and for failure state a claim upon which relief may be granted under section 1983.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 28, 2017**

UNITED STATES MAGISTRATE JUDGE